The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you. We are ready to start with our first case, number 21-1147, Ponce-De Ascencio v. Garland, and Mr. Winograd, we'll hear from you. Thank you, Judge Harris, and may it please the Court. We ask the Court to grant the petition for review for at least one of three reasons. First, my clients are not removable under 8 U.S.C. 1182-A7-AI because that provision only applies to aliens who actually seek admission at a port of entry. Second, the Board failed to resolve whether the immigration judge lost jurisdiction over the case before he issued his oral decision. And third, the Board violated this Court's precedent by upholding the denial of the asylum application based solely on an adverse credibility finding and without considering whether the claim was supported by independent evidence. Unless the Court prefers otherwise, I will first address why my clients are not subject to the charge of removability. Can I ask you a question about that, Counsel? Yeah. Oh, I'm sorry, Judge I've heard that you start with the jurisdictional question since that could potentially be dispositive on its own. Certainly. If there was no jurisdiction to render the oral decision, then there was no final decision by the IJ. Is that right? Not quite, Your Honor. We agree that the IJ had jurisdiction to issue the order of removal itself that was issued at the conclusion of pages 136 and 137 of the record. But we believe the immigration judge may have lost jurisdiction by the time he issued his actual decision setting forth the reasons why he ordered my clients removed. So we don't dispute that there was jurisdiction to order them removed or that the Board had jurisdiction to consider the appeal. We just think that the IJ may have lost jurisdiction by the time he issued his actual decision. But the oral decision is required, right? So if he lacked jurisdiction by the time he rendered that decision, your remedy would be to go back and have the IJ render the oral decision. Is that right? Precisely, Your Honor. So why is the error here not harmless since we now have an oral decision from the IJ and that we know what he would do if it was sent back? Well, because, Your Honor, as this Court has said, jurisdictional limitations are not subject to equitable or other considerations. The issue is simply whether... Counsel, this isn't like a real jurisdictional rule, is it? I mean, we have a rule that once a notice of appeal is filed to the Fourth Circuit, a district court loses jurisdiction, but that's just a claims processing rule. It doesn't mean that anybody loses subject matter jurisdiction. I thought what you had here was a regulatory violation. There's a lot of rules saying jurisdiction shifts at this time, and it seems like really what you have is a violation of 1240.12, because all you got was a summary order, and under this regulation, you should have gotten a full decision. This doesn't fall into the class of decisions that can be done with a summary order. So you've got a regulatory violation, but I don't really see why that wouldn't be subject to harmless error review. Well, even though it is, at core, a regulatory violation, the Board itself has said that once an IJ loses jurisdiction, any subsequent decision they issue is annullable. So we would say that under the Board's own precedent, anything the IJ issued after that point simply has no effect, and that's why we think the Board should have had a minimum... Yes? I'm sorry. Last question on this. What I find tricky about this case is the relationship between the summary order, which you agree the IJ had what we'll call jurisdiction to issue, and then this decision, because I have read the Board cases saying that the decision, if it's issued after the divesting trigger, is a nullity, but it doesn't need to have legal effect in this case, because there's an order that does have legal effect. So I'm not sure that to say it's a nullity means you can't look at it in reviewing the actual order of removal, which was entered with jurisdiction. Do you see what I'm saying? It doesn't have to do any actual work in this case. Well, the Board has held that when an IJ improperly issues only a summary order, the remedy is a remand. So we would disagree that the Board could take the IJ's oral decision into account if it was issued after he already lost jurisdiction. We would disagree with that under the Board's... As we read the Board's case. Do you think... But on that... Go ahead, Judge Rauschen. I was just going to ask, if you filed your notice of appeal, say, in the middle of the and an attorney walks out and files a notice of appeal, does the IJ then lose jurisdiction to issue an oral decision at the end of the day? Certainly not, Your Honor. There would have to at least be a final order from which a notice of appeal could be taken in order for jurisdiction... But doesn't the notice of... I mean, the time for appealing under 1003.38 runs from the oral time in the Board to be that the Board had questions about whether your notice of appeal was timely because it was before the oral decision. So the time for appeal hadn't started to run, even though maybe the IJ had misled you about that. And so they weren't sure if your appeal was timely. So they said, we're just going to certify it. After the oral decision is announced, we're going to certify the appeals for ourselves so that all those potential problems are sorted out. The red sends somewhat conflicting signals on this point, but we would point to HCFR 1240.15, which says that an appeal shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary decision. And that's what we have here. You admit in your brief that a summary decision doesn't apply to your case. A summary decision is defined at 1240.12b, and that it applies in circumstances that are not your case. You didn't get a summary decision. What we got at the end of the hearing was a summary decision. What we say in our brief is that the summary decision would have been improper, relying just on that. No, you got the summary of the oral, the same sort of form that you get for an oral decision. Regardless of what it technically is, the immigration judge made very clear that we have 30 days from the date of that hearing in order to file the notice of appeal, and he issued an order of removal. So, for example, if we had never filed a notice of appeal, that order of removal at 136 and 137 of the record would have given DHS the legal authority to deport my clients. Yeah, I guess my question is just why isn't what the board did the right response here? They were unsure about whether your notice was timely because you didn't wait until after the oral decision, and so they certified the whole appeal after the oral decision. If you can't divest the IJA jurisdiction in the middle of the hearing, why could you do it before he announced his oral decision? Well, we're not sure that that's why the board certified the case itself. The board certainly didn't explain why it was doing that. We think the likely explanation is that it was a tacit mission that the IJA had lost your extension by the time we filed the notice of appeal, and it was trying to cure that problem. But even if that's true, counsel, I mean, yeah, you could look at this a bunch of different ways. I mean, the IJA certainly did some things that aren't in compliance with the rulings, both in terms of issuing an oral decision without the presence and in terms of the date maybe for the appeal. But on the other hand, petitioners knew an oral decision was coming, and he had said so, and all the language in the June 7th is, I will be doing this, I will be doing that. So, you know, kind of Judge Rushing's point, you know, there's a bunch of kind of things that are irregular. And why can't the board, particularly with something where jurisdiction isn't like our Article 3 jurisdiction, say this is a big mess, but we really have everything we need. I'm going to certify it to take away all those questions and then render a decision. What prevents that? Perhaps the board could do that, but we have no explanation for that is exactly why the board did what it did. The board simply, but we can't, I'm sorry. Go ahead and finish. I apologize. I didn't mean to cut you off right after I asked a question. Go ahead. Not at all, Your Honor. I would say we don't, the board never explained why it did what it did. It simply dropped a footnote saying was certifying the case to itself, leaving this court to speculate why it did what it did. So that's why really our request was simply a remand for the board to squarely address this argument and explain why it was doing what it was doing. But if the court is not moved by that argument, with the court's permission, if I could move to the charge of removability issue, each of my clients was charged under 8 U.S.C. 1182-A7AI, a provision that applies to aliens who lack proper documentation at the time of application for admission. But as this court has recognized, Congress defined the term admission to require an entry into the United States after inspection and authorization by an immigration officer. By definition, aliens who enter the country surreptitiously do not apply for admission and must instead be charged under 1182-A6AI, a provision that applies to those who are present in the United States without being admitted or paroled. So the government charged my clients under the wrong section of the INA. Now, applying the tools of statutory construction... Yes, Counsel. I'm sorry. Before you get to the merits of your argument, I'm afraid I want to ask you a sort of similar question as to your first issue, which is why any error here isn't also more or less harmless, given that your client stipulated to the notice of appeal and not just removability, but to the whole thing, which includes an allegation that you're an alien present in the United States who has not been admitted or paroled, which means even if 7 doesn't apply, she is removable under 6. So what is the... Sure. Even if we agree with you on the statutory question, why does it make a difference in this case? Sure. A few responses. One, under Chenery, of course, the court can only affirm an agency action based on the reasons provided by the agency. Right. But we could say that the ordinary remand rule doesn't apply because it would be futile because there's no point in sending this back to determine whether someone is removable under A6 if that person has already stipulated to the facts that make them removable under A6. Well, DHS never lodged a charge under A6 against my client, and there's no guarantee that DHS would elect to do so if this case is remanded. And even if DHS does try to amend the charges, there is a colorable argument that they waive the issue by failing to do so once this case was at the board and we raised the issue and instead of... Speaking of waiver, I mean, speaking of waiver, your client had multiple attorneys who conceded her removability under A7, and there's board precedent saying that an attorney can admit removability or deportability and that the IJ can rely on that. So, I mean, doesn't that resolve the issue? No, Your Honor, because at the time the board decided my client's case, the attorney general had held in matter of AB that... But that's not the law anymore, so we can't reverse on that ground because AB is not the law anymore. It's not the law anymore, but it was the law at the time. And again, you have to look... But we can't reverse on... The reasons that the agency... Hi, sorry, we can't vacate and send it back to the board on the ground that it failed to take into account something that's no longer the law, right? It may have been the law at the time, but it's not anymore, so we can't vacate on that ground. Do you have another argument? Well, yes, we would also argue that under the INA itself, parties cannot, or IJs cannot make a finding of removability based solely on a concession. In section 1229A, C1A, Congress said that the immigration judge shall decide whether an alien is removable from the IJ. So you'd be asking us not to give... So are you making an argument that we shouldn't give deference to the board's interpretation that attorneys can conceive removability? Well, I don't believe... I believe everyone is referring to Matter of Alaskans, and Matter of Alaskans did not involve any interpretation of any statutory division. It was an admission of deportability, right? In Alaskans, it did involve an admission of deportability, but that case was decided in 1986 before Congress in the 1996 immigration bill added the language I was just referring to, which says that an IJ's determination of removability shall be based only on the evidence produced at the hearing. So by requiring IJs to decide whether an alien is removable, and by requiring that determination to be based only on the evidence produced at the hearing, we think Congress made clear that IJs cannot base a finding of removability solely on a party's concession. If there are no further questions about the concession issue, on the merits, we think that just applying the tools of statutory construction makes clear that Congress intended there to be a difference between aliens charged under A6 and A7. So even aside from the statutory definition of the term admission, the text of 1182A7AI only makes sense with regard to aliens who arrive at the port of entry. The conference report for the 1996 immigration bill also specifically states that aliens who were previously deportable for having entered the country without inspection would, going forward, be admissible under 1182A6AI for being present without being admitted of parole. And most importantly, if 1182A7AI also applied to aliens who entered without inspection, Congress would have had no need to enact 1182A6AI in the first place. And while it is one thing to adopt an interpretation that renders a word or phrase superfluous, it is quite another to adopt an interpretation that renders an entire contemporaneously enacted provision. Now, we think it's telling that the government does not dispute our arguments relating to the text and legislative history of 1182A6 and A7. The government instead relies on section 1225A1, which says that any alien who is present without being admitted shall be deemed to be an applicant for admission. I see my time is up. Great. Thank you. And you've saved some time for rebuttal. So, we can hear now from Ms. Berman-Veporis, and I apologize if I got that wrong. Good afternoon, Your Honor. May it please the Court. Rachel Berman-Veporis for the Attorney General. This is a case where the petitioners do not argue that they are admissible to the United States or that the record compels the conclusion that they are eligible for any form of relief from removal. They also do not challenge the agency's adverse credibility finding. Instead, they put forward creative arguments contradicted by statute-controlling case law to argue that they are not removable as charged, despite the representations of three of their attorneys. They also argue that this Court should remand their case to the board, the board to determine if the immigration judge had jurisdiction to issue this oral decision. But as Your Honor said- Counsel, can I say, wouldn't that- I mean, I find this jurisdiction question very tricky. And wouldn't it have just made everybody's life so much easier if the BIA had addressed the issue? It could have looked at the tapes, apparently, and figured out which came first. And then if it turns out that the notice of appeal was filed before the oral decision, it could maybe have said, as we've discussed, well, that was improper, but we see no harm to that error. It might have clarified that the fact that it is not an enforceable order doesn't mean you can't look at it. We, for instance, when our divestiture triggering rule is- our divestiture jurisdiction triggering rule comes into play, we still will allow consideration of documents that are later filed or issued if they will aid the appellate process. I mean, there's a million ways the BIA could have handled this. But the problem is, I have no idea what the BIA thinks about this problem. Wouldn't it make sense to remand and just get this record cleaned up? No, Your Honor, because as the panel has said, remand in this case would be futile. Under ACFR 1240.12, a summary decision could not have been issued in the petitioner's case and constitute a decision of the immigration judge. A petitioner can only appeal from a decision of the immigration judge, except in bond proceedings, in order to get a review by the board. So when the petitioners filed their notice of appeal, it was defected, regardless of whether they filed it before or after the immigration judge issued his oral decision, because they couldn't appeal the summary decision because it doesn't constitute a decision of the immigration judge under the regulations. So, counsel, it sounds like you're kind of going back to maybe some of the stuff we talked about earlier, that maybe this, you know, maybe there was jurisdiction, maybe there was these mishaps and things like that. But we really don't know what the board's reasoning was for its certification. And, you know, lots of times we, you know, generally we require a sufficient explanation in order to follow it. And what I get, one of the questions I have is, does that rule apply here to certifications when we really don't have jurisdiction over certification decisions? That, to me, is kind of what I struggled with, with the question Judge Harris raised. I would have liked to have seen a little bit more. But on an issue that we don't have jurisdiction over, would the normal ways we might, you know, look at that askew, you know, not apply? Yes, Your Honor, they wouldn't apply. Because since the certification decision is solely committed to agency discretion in this matter, this court couldn't remand and ask the board for more information about that decision. Yes. But I don't want more information about the decision to certify. I'm 100% fine with the board's decision to certify and just say, look, we don't know what was going on here, but we want this whole case in front of us. Fine. I have no issue with that. That still doesn't tell me, what does the board think about the possibility that the IJ's oral decision came in after the notice of appeal? Those seem like two different questions. The certification decision is what gets the entire matter in front of the board, even if there's been some impropriety in the notice of appeal. But it doesn't answer the separate question, I don't think, of whether the IJ either had jurisdiction or didn't need jurisdiction for us to be able to consider the oral decision. And maybe the board thinks it answers the question, but it didn't say that. So they seem like two different questions to me. I have no quarrel with the idea that this whole issue is properly in front of the BIA because it's certified and they don't have to justify that decision. But I'm still not hearing an answer to this sort of hypothetical question I have for the board, which is, what is it you're telling me about this possible timing snafu below? And why it's okay for us to look at that IJ? Because we need to look at it, under your theory of the merits of this case, we need to be able to look at that IJ decision to understand why the board was correct in relying on this credibility finding. But there is a lot of BIA case law suggesting that that decision might be what it calls a nullity. So I kind of feel like I need an answer from the board on that issue. I believe I understand the distinction you're making, Your Honor. And you're right, the board did not explain that in its decision. But I believe in looking at the regulations, it is clear that regardless of when the petitioners filed their notice of appeal, because they were appealing a summary decision that didn't constitute a summary decision under the regulations that the IJ had jurisdiction to issue this oral decision. So there was no need, perhaps, to further explain that issue. And since the board was able to certify the case to itself, and the petitioners fought their day in court, and really the board did the petitioners a favor by certifying their case, because they could have merely rejected the petitioner's notice of appeal as defective and sent it back. But instead, they took everything, because everyone was on the same page. Everyone had the decision and was able to keep litigating the case. Yes, Your Honor. Counsel, I'm going to back off right after this, because I guess my follow-up question is, I don't really see that explanation on the face of this opinion, and it's not 100% obvious to me. But if it is the explanation, as I understand it, you're saying it's clear that this notice of appeal was ineffective because it came before the decision, the oral decision. But I thought there was a point at which the IJ actually says to the petitioner, you'll get the oral decision once you appeal. And if that's what the IJ told the petitioner, then I think if that's what the board is relying on, that's not very fair. Then there's been a real miscommunication here to the petitioner about when the petitioner should file a notice of appeal. And so I would be uncomfortable relying on that ground. I understand, Your Honor. In that part of the transcript, the immigration judge first said, I'm going to issue my oral decision later today or tomorrow, but outside of your presence, which of course was inappropriate and a violation of the regulations. Then the petitioner's counsel engaged in back and forth with the immigration judge, wanting to know, well, when am I going to know the full decision so that I can appeal? And the immigration judge talked to the petitioner's counsel about how he was going to issue the decision that day or tomorrow, and the petitioner's counsel could come into the court and listen to it. And there's some discussion about petitioner's counsel reaching out to the court administrator to get access to that oral decision. And then the immigration judge also said that if they appealed, they will get a transcript of the oral decision, which happens in every case. Whether it's an oral decision, if there's an appeal, then a transcript is created for both parties. So I believe that- You think it should have been clear to the petitioner, don't appeal until you get my decision. And then once you appeal, you will get a transcript. Yes, Your Honor. I believe that was made clear. And that back and forth between the immigration judge and the petitioner's counsel, particularly regarding the court administrator and how to access the oral decision is what made that clear to me. The petitioners knew when the oral decision was going to be issued and how to access that decision. And as to note here, the board addressed whether the petitioners experienced or established that they experienced any prejudice as a result of the timing of the immigration judge's oral decision and concluded that they did not. And the petitioners do not challenge that on appeal. So unless there are any- Counsel, if you could- I don't want to upset the order too much, but yeah, I think, and we'll probably hear from your colleague on reply because he didn't get to this, even though he flagged it as one of his issues. But the petitioner says, even if you get past all these kind of unusual procedural regulatory issues, you still, he wins on the merits because there was not a sufficient consideration of issues other than the credibility. What's your response to that position? That the petitioners are incorrect. The board adopted and affirmed a specific section of the immigration judge's decision, which was the adverse credibility determination. But in that adverse credibility determination, the immigration judge engaged significantly with much of the petitioner's corroborating evidence, specifically the testimony and affidavit of the lead petitioner's sister, which is particularly critical corroborating evidence here, Your Honor, as the entirety or much of the petitioner's claim is based on the lead petitioner's relationship with her sister. So in making the adverse credibility findings, the immigration judge fully engaged with this central corroborating evidence and also talked about the petitioner's husband's testimony, which was also offered to corroborate the petitioner's story. And so when the board adopted and affirmed this portion of the immigration judge's decision, it was adopting all of that section of the immigration judge's decision, which necessarily includes the discussion of the corroborating evidence. So the board did consider the petitioner's corroborating evidence and affirming the immigration judge's denial of their application for asylum and was holding open the vote. And can you address the... I'm sorry, I didn't mean to cut you off, Judge Quattlebaum, or do you have more on that? No, no, go ahead. Thank you. Can you also address the torture issue? Because it really seemed there, like the board was just really clear that the only thing it was considering was relocation. As the respondent could be expected to relocate, she has not met her burden of proof for this relief. So is it your position that the BIA relied only on relocation and that's okay? Or is it your position that the BIA, notwithstanding that sentence and some others like it, actually did rely on all of the factors? The latter, Your Honor. While the board's decision clearly spent most of its time on the petitioner's application for... Under the Mexican torture on the issue of internal relocation. In their discussion and analysis, the board also specifically relied on other factors separate from internal relocation. Specifically that the petitioners did not establish that they experienced past torture, which is another factor under the regulations that has been specifically enumerated for the agency to consider. As well as the fact that the petitioners experienced and feared harm from private individuals, which is particularly important to an analysis under the Convention Against Torture. And the petitioners had other similarly situated family members still living within El Salvador unharmed. And again, this protection of the Convention Against Torture is future-looking since these similarly situated family members were also members of the petitioner's co-author particular social group. This was relevant to the analysis. So while the board... Main thrust of the board's analysis was indeed on internal relocation, the board clearly considered other factors in coming to this decision. And so did not solely affirm the immigration judge... Immigration judge's decision denying protection under the Convention Against Torture on internal location alone. Thank you. Well, counsel, just to follow up on that, let me just... I mean, if there is sufficient evidence supporting the relocation issue, assuming the petitioner wins on everything else related to CAT, would that still be enough to justify denying that request for relief? If the agency weighed all the evidence relevant to a consideration of an application of protection against torture, but in weighing the evidence concluded that petitioner's ability to internally relocate weighed against granting that application, then yes, Your Honor. The agency could only consider internal relocation. The regulations are clear on that. But if internal relocation is the factor that weighs most heavily in favor of granting or denying an application, certainly that is acceptable and appropriate. Thank you. Unless there are any other questions regarding the petitioner... The merits of the petitioner's application for relief at this time, I will briefly discuss the petitioner's charges and removability. The agency properly concluded that petitioners were removable as charged under 8 U.S.C. 1182 87AI as immigrants, but at the time of application for admission were not in possession of a valid entry document or other suitable document. First, the petitioners are removable under this section because they conceded through counsel not once, but on three occasions that they were removable as charged. And I must disagree with opposing counsel. An immigration judge can conclude that a petitioner is removable solely based on a non-citizen's admissions. This can be found in the regulations at 8 CFR 1240.10C, which provides that an immigration judge can determine petitioners are removable as charged based on petitioner's admissions if they're satisfied that no issues of fact the law remain. Excuse me. The immigration judge's decision indicates that he not only concluded that the petitioners are removable as charged based on their admissions, but also on his own review of the evidence of petitioner's counsel in making their representations to the immigration judge about removability did not raise any issues of law or fact regarding removability at that time. Moreover, it's important to note that since the petitioners admit that they have not been admitted to the United States, it is their burden to show that they are admissible. And so in pleading to the notice to appear and responding to the immigration judge, that was their opportunity. They needed to bear their burden. And by conceding to the immigration judge that they could not bear that burden and that they were removable as charged, these are judicial admissions. As the petitioners do not argue, there has been any effective assistance of counsel. Yes, Your Honor. I want to make sure I'm understanding. I think I understand the argument she made. But at the beginning, is it your position that aside from admissions or concessions, and estoppel and stuff like that, that the A-7 provision, you know, was a proper provision under which they could be removed? Yes, Your Honor. So even if, forget concessions, anything else, even though the A-6 may be the one that might apply more directly, or maybe you don't even agree with that, you think the A-7 provision applies as well? Yes, Your Honor. And matter of MDVC, which is a presidential board case, makes this clear. The facts are very similar to the facts in the incident case. In that case, like in this case, the petitioners' notices to appear allege that they entered at or near a point of entry. They conceded alienage before the immigration judge, and they were apprehended by the government. Yes, Your Honor. Counsel, I agree with your reading of that BIA case, but I mean, I'm counting three circuits that have disagreed with that. And don't think A-7 would be an appropriate ground of removal in a case like this, where someone hasn't presented themselves for inspection. And at least one of them said, and that is unambiguous, so there is no deference owed here. So do you want us to just, I mean, I suppose what you're asking us to do is just disagree with those circuits. Are there any circuits coming out your way? I have not found, apologies, Your Honor, I have not found a case in the circuit courts that have abrogated the matter of MCPD, or have said that this charge is not applied to the petitioners. There's no court of entry requirement in the plain reading of the statute of the BIA case. And later in the statute, 8 U.S.C. 1225 A-1 defines applicants as admission, as anyone who's entered the United States without being admitted. Just to be clear, I'm not, I would never just kind of like try to surprise you with a bunch of independent research. I just was looking at the Torres decision, which itself cites two other decisions, which have nothing to do with the Northern Mariana Islands. And it's one of those decisions, and I'm sorry, I can't remember which one, that expressly says, and the reason we're not giving any deference to the BIA is because this is a non-ambiguous statute. Well, I apologize, Your Honor, I'm not familiar with the cases that were cited in Torres v. Barr, but in that 9th Circuit case, but in that 9th Circuit case, so much of the court's holding was based on the situation in the Commonwealth of the Northern Mariana Islands, because when the petitioner in that case first entered... Is that actually the government's position? Is this the position the government is taking in the 9th Circuit right now, that non-citizens can be removed under subsection A7, even if they haven't applied for admission and presented themselves for inspection, so long as they are not from the Northern Mariana Islands? The government is reading that decision as limited to that class of non-citizens? Your Honor, the government is reading the holding of Torres v. Barr as saying that A7 was not appropriate for those particular non-citizens, because at the time they entered the territory of the United States, that requirement did not exist. Whereas here, when the petitioner has entered the United States, that requirement did exist. And under A3C 1225A1, anyone who enters the United States without being admitted, whether or not, as we said, is at a designated point of arrival, is an applicant for admission. And Congress has spoken here and perhaps a little counterintuitively said that applicants for admission are a very broad category and meant to be applied expansively, which the board has held in numerous presidential weeks for the last decade at least. I see my time has expired. Thank you. Thank you. Oh, I'm sorry. Do my colleagues have questions? I didn't mean to cut anyone off. Judge Rushing, Judge Quattlebaum? I'm good, thank you. Thank you very much. Thank you. Mr. Witt. Oh, just waiting for the clock. Thank you, Your Honor. On the jurisdictional issue, I will just point out that if the court does remand the case to the board to clarify this jurisdictional question, that itself could lead to the resolution of the other issues in this case. For example, DHS could use the remand to amend the charge of removability and or the board could amend its prior decision to address the errors we believe it made in denying my client's applications for relief. So sending the case back to the board just to clarify this jurisdictional issue could potentially stall the need for any further litigation. I would also note that on the certification issue, this court has not spoken yet on whether it has jurisdiction over the board's decision to certify a case to itself. That's an open question in this circuit. It typically arises when the board denies an alien's request for certification, but we did not make such a request in this case that the board simply certified it to itself to a spot today. So that issue has not fully been briefed and we would ask the court to not reach it. On the charge of removability, the government mentioned a matter of MDCV. We would point out that in that case, the board relied on the Ninth Circuit's prior decision in Minto v. Sessions, and that's the very decision that the Ninth Circuit would later unanimously overrule when it went on Fong in Torres v. Barr. So a matter of MDCV reflected. What do you make of the attorney points out, the attorney for the government points out that with your, in addition to conceding removability, that you didn't raise any question of fact or law to the I.J.? So the I.J. could be satisfied that the law as applied here requires or allows him to accept these admissions and says that your clients can be removable under A7A and no one made an argument to him otherwise. No one preserved any certain, no one argued to him that he should read the law any other way. So why would he think there's an issue of fact or law left to be resolved? Sure, Your Honor, a few responses. I think the problem with the argument about the factual allegations is that the factual allegations in the NGA do not actually align with the legal components of 1182 A7AI. While the charging documents allege that my clients did not present valid entry documents, they never, they do not allege that my clients were applicants for admission or applied for admission. And even if they did, our argument is that whether they were applicants for admission is precisely the type of legal conclusion to which they could not have validly stipulated. If I could make an analogy to the criminal context, immigration courts are not subject to Rule 11, the federal rules of criminal procedure. But we think if in the criminal context, for example, if someone was charged with murder, but there was no allegation that any person had actually ever died, we don't think a district judge could accept a guilty plea without any sort of allegation that anyone died. We think that's what's analogous here, even though the underlying legal analysis is more difficult. There was simply no allegation that my clients were applicants for admission. And then just returning to the point about MDCV, that because it relied on Minto, it really reflected the application of then existing circuit precedent, not the board's independent analysis. And the needless to say, this court is not required to defer to the interpretation of another circuit, especially when the full circuit later found that interpretation to be incorrect. And because the board didn't provide any independent analysis in this case, even Skidmore deference would be unwarranted. I see I'm out of time, but if the board has further questions. Anyone have any questions? All right. In that case, thank you both very much, counsel. We very much appreciate your presence. We are sorry we cannot greet you in person, but thank you and be safe.
judges: Pamela A. Harris, A. Marvin Quattlebaum Jr., Allison J. Rushing